# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

VICTOR L. JORDAN SR.,
*Plaintiff,*

v.

No. 3:24-cv-1753 (VAB)

ANGEL QUIROS, et al.,
*Defendants.*

# INITIAL REVIEW ORDER

Victor L. Jordan, Sr. ("Plaintiff"), a sentenced inmate,[1] has filed a Complaint under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. He names fourteen Defendants, the Department of Correction, Commissioner Angel Quiros, Dr. Kocienda, Dr. Kelli Wolf, Deputy Commissioner William Mulligan, Deputy Commissioner David Maiga, D. Cruz, Warden Jennifer Reis, Deputy Warden Nunnez, Nicole Sullivan, Deputy Warden Soley, Gallagher, Captain Blackstock, and Nicole Hernandez. Mr. Jordan appears to be challenging the fact that mental health staff is not available to inmates all day, every day.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief

---

[1] Information available on the Department of Correction website shows that Mr. Jordan was sentenced on December 5, 2008 to a term of imprisonment of eighty-one years. *See* www.ctinmateinfo.state.ct.us/detailsupb/asp?id_inmt_num=165080. The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

   For the reasons stated below, the Complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

Because it would be futile to grant Mr. Jordan leave to amend this Complaint, this dismissal is with prejudice.

Mr. Jordan's Complaint fails to clearly indicate the basis for his claims. In his jurisdictional statement, Mr. Jordan asserts claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; the First, Fourth, Fifth, Eighth, and Fourteenth Amendments; the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq.; the Rehabilitation Act, 29 U.S.C. § 794(a); and Title V of the Mental Health Systems Act, 42 U.S.C. § 9501, et seq. ECF No. 1 at 2. In his request for relief, however, he states:

> I am suing Defendants as an Entity and in their Official Capacity for Damages under 29 U.S.C. 1973 & 794 Sec. 504 R.A. and The ADAAA of 2008 42 U.S.C. § 12101 et seq. Title II See; U.S. v. Georgia, 546 U.S. 151, 155 (2006) Damages in the form of Attorney fees; cost for filing fee, and any other expenses that i may incurr in litigating this complaint. My Relief for injunctive relief is for the Dept. of Corr. to rectify the Mental Health Personnel being unavailable and inadequate. And made to be Available on 1st 2nd & 3rd shifts 7 days a week especially in level 4 facilities. And establish time out areas, in healthy environments (sic).

*Id.* at 10.

Mr. Jordan asserts two claims in the body of the Complaint.

In the first claim, all Defendants allegedly have violated his rights under the ADA/RA and Eighth Amendment for failure to provide access to mental health staff twenty-four hours per day, seven days per week. And, as support, Mr. Jordan alleges that he had been denied access to mental health care on September 30, 2022, at 10:15 p.m., on November 15, 2023, and on June 7, 2024. ECF No. 1 at 7.

In his second claim, Mr. Jordan also asserts violations of the ADA/RA and Eighth Amendment for failure to provide mental health treatment. In support of this claim, however, he merely recounts his mental health history from birth through 2019.

The Court will analyze both claims in turn.

**I.      DISCUSSION**

**A**.      **The Claims Relating to Confinement in Isolation**

In both claims, Mr. Jordan attributes many of his mental health issues to prolonged confinement in isolation. *See id*. at 7 ("mental health decomposing being subjected to solitary confinement") and 9 ("atypical conditions of confinement, solitary confinement, via, in cell restraints and pepper spray, and months on months of solitary confinement, with no mental health assistance, and or acceptance of, and the lack thereof, has caused me irreparable psychological damage").

Mr. Jordan has an ADA/RA claim regarding the effects of solitary confinement pending in another case, *Jordan v. Department of Corr.*, No. 3:22cv701 (MPS). In the Initial Review Order, filed March 13, 2023, U.S. District Court Judge Charles S. Haight, Jr. permitted the case to proceed on Mr. Jordan's claim regarding exacerbation of his mental illness as a result of prolonged solitary confinement. *See id.*, Doc. No. 25 at 41.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. This is because a plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendants at the same time." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (internal citations and quotation marks omitted). For the prior pending action to apply, the actions must be "the same." There must be "the same parties ... the same rights asserted and the

same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis of the relief sought must be the same." *Id.* (quoting *United States v. The Haytian Republic*, 154 U.S. 118, 124 (1894)) (internal quotation marks omitted). This practice is commonly referred to as the prior pending action doctrine and is intended to avoid conflicting judgments and conserve judicial resources. *See Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007) (citations omitted). This power "also applies to claims within a lawsuit that are also included in prior lawsuits." *Vega v. Rell*, No. 3:09-cv-737(VLB), 2011 WL 2471295, at *12 (D. Conn. June 21, 2011) (citing *Ziemba v. Clark*, 167 F. App'x 831, 832 (2d Cir. 2006)).

ADA/RA claims proceed against the Department of Correction, not individual correctional employees. *See Green v. City of New York*, 465 F.3d 65, 76 (2d Cir. 2006) (noting that proper defendant in an ADA claim is a public entity, not an individual). Thus, the parties are the same.

Accordingly, to the extent that Mr. Jordan is basing his ADA/RA claims in this case on the effects of solitary confinement on his mental illness, the claims will be dismissed under the prior pending action doctrine.

Mr. Jordan also arguably alleges an ADA/RA claim based on him not being provided access to mental health staff twenty-four hours per day, seven days per week. The ADA is intended "to ensure evenhanded treatment between the disabled and the able-bodied." *Green v. Maldonado*, No. 3:17-cv-00957(CSH), 2017 WL 3568662, at *4 (D. Conn. Aug. 17, 2017) (quoting *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998)) (internal quotation marks omitted). The ADA "do[es] not guarantee any particular level of medical care for disabled persons, not assure maintenance of services previously provided." *CERCPAC v. Health & Hosp. Corp.*, 147 F.3d 165, 168 (2d Cir. 1988); *Reese v. Breton*, No. 3:18-CV-1465(VAB), 2020 WL 998732, at

4

*5 (D. Conn. Mar. 2, 2020) (ADA does not apply "to claims regarding adequacy or substance of services provided by correctional departments or provide a remedy for medical malpractice." (collecting cases)).

Indeed, "courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability." *Elbert v. New York State Dep't of Corr. Servs*., 751 F. Supp. 2d 590, 595 (S.D.N.Y. 2010); *see e.g., Schnauder v. Gibens*, 679 F. App'x 8, 11 (2d Cir. 2017) (summary order) (affirming dismissal of inmate's ADA claim for failure to show discrimination based on disability because inmate's disability "was not the reason he was unable to access medical services; rather it was the reason he sought such services"); *Sherman v. Cook*, No. 3:20-CV-1484(SRU), 2021 WL 311283, at *5 (D. Conn. Jan. 29, 2021) (dismissing ADA claim based on treatment of inmate's shoulder condition because claims were "based on a lack of access to adequate medical care, not denial of access to programs or services available to non-disabled persons, or discrimination on the basis of disability").

Accordingly, because Mr. Jordan alleges that he cannot speak to mental health staff whenever he wishes, but does not allege that able-bodied inmates are afforded any different access, his ADA/RA will be dismissed.

### B.    The Eighth Amendment Claims

Mr. Jordan's Eighth Amendment claims[2] are based on his view that the failure to provide access to mental health staff all day every day is unconstitutional. In support of his claim he

---

[2] Mr. Jordan also references the Fourteenth Amendment. As he fails to allege any facts relating to the Fourteenth Amendment, the Court assumes that Mr. Jordan intends to assert his deliberate indifference claims as Fourteenth Amendment violations as well as Eighth Amendment violations. However, the Fourteenth Amendment affords such protection only to pretrial detainees. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). As Mr. Jordan is a sentenced inmate, any Fourteenth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

provides three dates, one in each year from 2022 through 2024, where he requested and was not provided immediate access to mental health staff. He does not allege that he suffered any ill effects on these three dates. Instead, he generally alleges that, because mental health staff was not available all day every day at Cheshire Correctional Institution, Garner Correctional Institution and Corrigan Correctional Center, "for my needs on occasions, where i have been denied, and had to suffer, or placed on a status or harmed myself, or was harmed by D.O.C. staff, by not having Infirmarys that are available, and or Deplorable, and or non existent." (sic). ECF No. 1 at 7. This vague and conclusory allegation is insufficient to state a claim against any individual defendant.

Mr. Jordan is well aware of the need to allege facts supporting a claim for deliberate indifference to medical needs based on the alleged unavailability of mental health staff. He asserted this same claim in *Jordan v. Department of Corr.*, No. 3:23-CV-855 (VAB). That claim was dismissed because, as here, Mr. Jordan failed to allege that he suffered any injury from the absence of mental health staff and conceded that there were alternatives available that he did not find acceptable. *Jordan v. Department of Corr.*, No. 3:23-CV-855 (VAB)*, 2023 WL 6541585, at *11 (D. Conn. Oct. 6, 2023) ("Mr. Jordan alleges only that the lack of mental health staff left him vulnerable to harming himself. He does not allege that he suffered any injury from the absence of mental health staff. In addition, he concedes that if he were in danger of harming himself, medical staff could place him on Behavior Observation Status to ensure his safety until mental health staff was available to assess or treat him. Mr. Jordan does not find this alternative acceptable. This claim, therefore, appears to be only a disagreement over the treatment available which is not cognizable under section 1983.").

In response to inmate requests and a grievance on this issue, Dr. Wolf informed Mr.

Jordan that, although mental health staff were not available on third shift, on-call psychiatry could be contacted to assess any needs that might arise, ECF No. 1 at 11, and his grievance was denied citing the same information. *Id.* at 23. Again, Mr. Jordan was not denied access to mental health care, he was denied the type of mental health care he preferred. *See Wright v. Rao*, 622 Fed. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he received adequate treatment .... [T]he essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and citation omitted)).

Accordingly, Mr. Jordan's Eighth Amendment claim will be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a valid claim.

**C.    Other Possible Claims**

Mr. Jordan cannot state cognizable claims under the remaining statutes and amendments cited in his jurisdictional statement. Indeed, when Mr. Jordan previously asserted several of the claims, he was informed that there is no basis for the claims. Yet he persists in including them in subsequent complaints.

For example, in *Jordan v. Martin*, No. 3:24-CV-251(VAB), 2024 WL 3226334 (D. Conn. June 28, 2024), the Court dismissed Mr. Jordan's Fourth Amendment false imprisonment claim based on his segregated/isolated confinement as lacking a factual basis. *Id.* at *8. The Court dismissed his Fifth Amendment claim with prejudice because Mr. Jordan is not a federal inmate. *Id.* at *8-9. Finally, the Court dismissed Mr. Jordan's claim under the Mental Health System Act with prejudice because that statute does not create a private right of action. *Id.* at *13-14. A dismissal with prejudice means that the plaintiff cannot refile the action. *See James v. Well Life*

*Network Incorporated*, No. 22-CV-7469 (NRM) (AYS), 2023 WL 3997264, at *2 (E.D.N.Y. June 14, 2023); *see also Midas v. Nassau Cnty*, No. 15-CV-2323 (SJF) (SIL), 2015 WL 1966365, at * (E.D.N.Y. Apr. 30, 2015) (dismissal with prejudice "bars the plaintiff from re-filing the same claim in the same federal court"). Mr. Jordan provides no excuse for refiling the two claims that were dismissed with prejudice.

Mr. Jordan also states that he brings this action under 42 U.S.C. §§ 1985, 1986, and 1988. Section 1985 prohibits various conspiracies. Section 1985(1) prohibits conspiracies to prevent federal officers from performing their duties. *See Harnage v. Dzurenda*, No. 3:14-cv-885(SRU), 2014 WL 3360342, at *2 (D. Conn. July 9, 2014). Section 1985(2) prohibits conspiracies intended to deter witnesses from participating in federal or state judicial proceedings. *Id*. Neither provision is applicable here. Section 1985(3) prohibits conspiracies motivated by racial or class-based invidious discriminatory animus. *See Iqbal v. Hasty*, 490 F.3d 143, 176 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Mr. Jordan alleges no facts relating to subsection 3. Thus, he cannot state a plausible conspiracy claim under section 1985. Further, a section 1986 claim must be based on a valid section 1985 claim. *See Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 341 (2d Cir. 2000).

Finally, section 1988 has two subsections. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil rights cases in conformity with federal law where appropriate or state law. However, this section does not provide a private cause of action. *See Moor v. Alameda Cnty*., 411 U.S. 693, 702-06 (1973). Section 1988(b) provides for the award of attorney's fees. As a *pro se* litigant, however, Mr. Jordan is not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *see also Sosa v. Lantz*, 660 F. Supp. 2d 283, 289 (D. Conn. 2009). Thus, section 1988 affords him no relief.

Accordingly, all claims under sections 1985, 1986, and 1988 will be dismissed.

**D.    Leave to Amend**

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff]

leave to amend." (citing *Ellis*, 336 F.3d at 127)).

Here, consistent with the analysis of Mr. Jordan's claims and potential claims above, there is no cognizable claim that Mr. Jordan could bring, making leave to amend futile. *See Lewis v. Slaiby*, No. 3:23-CV-231 (VAB), 2024 WL 1241937, at *5 (D. Conn. Mar. 22, 2024) (denying leave to amend when "the Court has not identified any cognizable claims under the United States Constitution in Mr. Lewis's proposed Amended Complaint, and none of the deficiencies identified above can be cured by further pleading"). Moreover, Mr. Jordan has already had a claim dismissed on similar ground before and should be aware of what he would need to do to file a cognizable claim. *See Jordan v. Department of Corr.*, No. 3:23-CV-855 (VAB), 2023 WL 6541585 (D. Conn. Oct. 6, 2023) ("Mr. Jordan alleges only that the lack of mental health staff left him vulnerable to harming himself. He does not allege that he suffered any injury from the absence of mental health staff. In addition, he concedes that if he were in danger of harming himself, medical staff could place him on Behavior Observation Status to ensure his safety until mental health staff was available to assess or treat him. Mr. Jordan does not find this alternative acceptable. This claim, therefore, appears to be only a disagreement over the treatment available which is not cognizable under section 1983."). Thus, leave to amend will not be granted.

## II.    CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

Because it would be futile to grant Mr. Jordan leave to amend this Complaint, this dismissal is with prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE